**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK V. GRIMES,**

                **Plaintiff,**

**-vs-**                                                                          **Case No. 6:11-cv-568-Orl-31DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Extension of Time to Apply for Attorney's Fees under Section 406(b), which was contained within the Plaintiff's Motion for Attorney's Fees Under the EAJA (Doc. 23). The Court has granted the motion for an award of fees. (Doc. 24). The Government opposes the request for an extension of time in regard to Section 406(b). (Doc. 26).

**I.**      **Background**

The Plaintiff, Mark Grimes ("Grimes"), filed the instant case on April 7, 2011, seeking review of an Administrative Law Judge's denial of disability benefits. (Doc. 1). On June 18, 2012, United States Magistrate Judge Baker recommended that the ALJ's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). On August 7, 2012, the Court entered an order (Doc. 21) adopting the report and recommendation, reversing the ALJ's decision and remanding it for rehearing. The Court also directed the Clerk to enter judgment in favor of Grimes. Judgment was entered on August 8, 2012.

On September 14, 2012, Grimes's attorney filed an application (Doc. 23) for an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as well as a request for an extension of time in which to file a request for attorney's fees under 42 U.S.C. § 406(b). The Government did not object to the request for costs and fees under the EAJA, which were awarded on September 17, 2012. (Doc. 24). However, on September 21, 2012, the Government objected to the request for an extension, saying the request was untimely. (Doc. 26 at 1).

## II.     Legal Standards

Two different statutes govern the fees that may be awarded when claimants seek Social Security benefits: the EAJA and 42 U.S.C. § 406(b). Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Pursuant to 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1).

Within this Circuit, Section 406(b) authorizes an award even where the relevant district court judgment does not itself award fees –for example, in the case of a sentence four remand (in which the district court enters judgment reversing and remanding a case for further proceedings) where the Commissioner of Social Security subsequently awards past-due benefits to the claimant. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Unlike an EAJA award, which is payable by the government, a Section 406(b) award is paid by the claimant out of the

past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). A savings clause in the EAJA precludes a double fee recovery under that statute and Section 406(b). *See* 28 U.S.C. § 2412(d)(1)(A).

## III. Analysis

Section 406(b) itself does not contain a time limit for fee requests. Federal Rule of Civil Procedure 54 provides, *inter alia*, that unless a statute or court order provides otherwise, a motion for attorney's fees must be filed no later than 14 days after the entry of judgment. Fed.R.Civ.P. 54(d)(2)(B). The rule also specifies that the motion must state the amount sought or provide a fair estimate. Fed.R.Civ.P. 54(d)(2)(B).

In *Bergen*, the United States Court of Appeals for the Eleventh Circuit held that Fed.R.Civ.P. 54(d)(2) applies to a Section 406(b) attorney's fee claim. *Bergen* at 1277. However, the *Bergen* court did not hold that the period for filing such a Section 406(b) attorney's fee claim necessarily begins to run as soon as the district court judgment is entered. Rather, the court noted that determining whether the petitions filed in that case were timely "requires deciding when the 14 day period for filing the petitions provided in the rules begins to run for a § 406(b) petition." *Id.* Because the Commissioner did not challenge the timeliness of the fee request in that case, the *Bergen* court did not determine when the 14-day period began to run. *Id.* The court did, however, note that any "confusion about integrating Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406(b)" could be avoided by moving the district court for an extension of the 14-day period when the district court remanded the case. *Id.* at 1278 n.2.

In a subsequent, unpublished decision, the Eleventh Circuit took note of the dilemma often faced by claimant's attorneys after a sentence four remand:

> Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir.2006), we suggested the best practice for avoiding confusion about the integration of Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C.§ 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n. 2. As we understand it, however, the best practice has not been a universally workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. *See Bergen*, 454 F.3d at 1276.

*Blitch v. Astrue*, 261 F. App'x 241, 242 (11th Cir. 2008)

This district has not established a general order or local rule addressing this circumstance. And in the instant case, Grimes's attorney did not seek an extension of the 14-day period at the time the case was remanded. Instead, the motion for an extension was filed 38 days after the remand, which occurred the day before judgment was entered.

The advisory committee's notes to Rule 54 list a number of reasons for the 14-day deadline set forth in Fed.R.Civ.P. 54(d)(2)(B):

> Subparagraph (B) provides a deadline for motions for attorneys' fees – 14 days after final judgment unless the court or a statute specifies some other time. . . . In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case. . . .
>
> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

Fed.R.Civ.P. 54 Advisory Committee on Rules Notes – 1993 Amendment.  None of the these justifications make sense where, as here, the judgment at issue does not itself establish the Claimant's entitlement to an award of fees.  The Government has not identified any other justification for adhering to the 14-day deadline here or any way in which it would be prejudiced if the requested extension were to be granted.

The proper thing to do would be to start the clock ticking once the Claimant's entitlement to an award of past-due benefits and the amount of those benefits have been set by the Commissioner.  It is only at that point that any issues regarding fees under Section 406(b) can be addressed, much less resolved.  Accordingly, it is hereby

**ORDERED** that the Motion for Extension of Time to Apply for Attorney's Fees under Section 406(b) is **GRANTED**, and any such petition shall be filed not more than 14 days after receipt, by Grimes's attorney, of an award notice from the Commissioner.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 3, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party